UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:21-cv-00180

| | |
|---|---|
| SHYHEIM FITZHUGH MILLSAPS, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> JAMES BULLARD, Warden of ) <br> Tabor Correctional Institution, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court upon initial review of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Shyheim Fitzhugh Millsaps ("the Petitioner"). [Doc. 1].

**I.   BACKGROUND**

The Petitioner is a prisoner of the State of North Carolina and seeks to challenge his December 21, 2018 conviction from Iredell County Superior Court for possession of heroin and trafficking opium or heroin by transporting more than 14 grams and less than 28 grams. [Doc. 1, p. 1]. The Petitioner was sentenced to 90-120 months of imprisonment. [Id.]

The Petitioner filed a direct appeal, and the appellate court upheld his conviction on July 21, 2020. [Id. at 2]. The Petitioner then sought discretionary review by the North Carolina Supreme Court, which was denied

on December 15, 2020. [Id. at 2-3]. The Petitioner did not file any other petitions, applications or motions concerning his judgment of conviction in state court. [Id. at 3].

The Petitioner filed his § 2254 Petition for Writ of Habeas Corpus on December 14, 2021. [Doc. 1].[1] The Petitioner claims that the trial court failed to properly instruct the jury, thereby affecting the verdict (Grounds One and Two). [Doc. 1 at 5-6, 8-9].

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the petition. Id.

## III. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner seeking federal review of his state conviction must exhaust his available state remedies before pursuing habeas relief in

---

[1] The Petitioner initially filed his § 2254 petition in the U.S. District Court for the Eastern District of North Carolina. [Doc. 1]. It was transferred to this Court on December 15, 2021. [Doc. 2].

federal court. 28 U.S.C. § 2254(b)(1)(A). The prisoner bears the burden of proving exhaustion. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen.Stat. § 7A–31; N.C. Gen.Stat. § 15A–1422.

The Petitioner indicates in his § 2254 petition that he did not file any post-conviction proceedings concerning his judgment of conviction in state court. [Doc. 1 at 3]. As such, the Petitioner has not exhausted his state remedies and the Court will dismiss the petition without prejudice so as to allow the Petitioner to first exhaust his state remedies before seeking federal habeas review.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding
3

that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

2. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

3. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Signed: April 26, 2022

Martin Reidinger
Chief United States District Judge